DA 09-0437

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 162N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MELVIN MATSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Jefferson, Cause No. DC 08-2169
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Joslyn Hunt, Chief Appellate Defender; Lisa S. Korchinski,
Assistant Appellate Defender, Helena, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General; Mardell Ployhar,
Assistant Attorney General, Helena, Montana

            Matthew Johnson, Jefferson County Attorney; Tiffany Heaton,
Deputy County Attorney, Boulder, Montana

Submitted on Briefs:  May 12, 2010

Decided:   July 23, 2010

Filed:

_____
                       Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Melvin Matson (Matson) appeals from the denial of his motion to suppress evidence and conviction for operating a motor vehicle with a BAC of .08 or greater (DUI per se), by the Fifth Judicial District Court, Jefferson County. We affirm.

¶3     The issue on appeal is whether the police officer had particularized suspicion to stop Matson.

¶4     At approximately 7:25 p.m. on Friday, August 29, 2008, Jefferson County Sheriff's Department Detective Bob Gleich (Detective Gleich) noticed a dust cloud coming from Gruber Excavating's storage yard in Clancy. Detective Gleich saw Matson's blue pickup truck exiting the yard. Aware that it was after hours and that the truck did not belong to an employee, Gleich observed that Matson's truck lurched forward in a jerking motion. Detective Gleich initiated a traffic stop "to make sure the driver was not involved in any criminal activity on the property belonging to Gruber Excavating." During the stop, Detective Gleich determined that Matson was intoxicated

2

and arrested him for operating a vehicle while under the influence of alcohol and operating a vehicle with a blood alcohol content above .08.

¶5 Matson moved to suppress evidence of his intoxication for lack of particularized suspicion to stop his vehicle. The justice court granted Matson's motion to suppress and the State appealed dismissal of the case to the District Court. Following a hearing, the District Court denied Matson's motion to suppress. Matson subsequently pled guilty to DUI per se, reserving the right to appeal the denial of his motion to suppress.

¶6 We review a district court's denial of a motion to suppress to determine whether the court's findings of fact are clearly erroneous and whether the court correctly applied the law to those findings. *State v. Cooper*, 2010 MT 11, ¶ 5, 355 Mont. 80, 224 P.3d 636. A finding is clearly erroneous if it is not supported by substantial credible evidence, the court has clearly misapprehended the effect of the evidence, or if our review of the record leaves us with a definite and firm conviction that a mistake has been made. *Cooper*, ¶ 5. We review for clear error a finding that an officer had particularized suspicion to conduct an investigative stop. *Cooper*, ¶ 5.

¶7 Montana law provides that "a peace officer may stop any person or vehicle that is observed in circumstances that create a particularized suspicion that the person or occupant of the vehicle has committed, is committing, or is about to commit an offense." Section 46-5-401(1), MCA. The State must prove that an officer had particularized suspicion to stop a vehicle by showing: (1) objective data and articulable facts from which an officer can make certain reasonable inferences; and (2) a resulting suspicion that the person to be stopped has committed, is committing, or is about to commit an

3

offense. *Brown v. State*, 2009 MT 64, ¶ 20, 349 Mont. 408, 203 P.3d 842; *State v. Gopher*, 193 Mont. 189, 194, 631 P.2d 293, 296 (1981). Whether particularized suspicion exists is a question of fact that depends on the totality of the circumstances. *Cooper*, ¶ 7.

¶8 Matson argues that Detective Gleich lacked particularized suspicion that he was engaged in any wrongdoing or criminal activity based on his driving behavior or location on a business property open to the public. However, the District Court examined the totality of the circumstances, and listed the following articulable facts as justifying the stop: Detective Gleich observed dust and unusual jerky driving; Gruber Excavating yard was closed for the evening and weekend and contained the same type of materials recently stolen from other locations; the yard was not a sale location and was closed to the public; and Gleich generally knew the employees of Gruber Excavating and knew that Matson was not authorized to be there. The court noted that these facts taken together could lead to an inference that "a person who is there under all those circumstances was not there for a valid purpose, and instead he might be there for wrongdoing."

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issues are factual and there clearly is sufficient evidence to support the findings of fact below.

4

¶10     Affirmed.

                                                    /S/ MIKE McGRATH

We concur:

/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS