

DA 12-0260

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 61N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

NATHAN KENT PIERCE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DC 11-57
                    Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Johnna K. Baffa, Van de Wetering & Baffa, P.C., Missoula, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
                Attorney General, Helena, Montana

                Fred Van Valkenburg, Missoula County Attorney, Andrew Paul, Deputy
                County Attorney, Missoula, Montana

Submitted on Briefs:  January 16, 2013

Decided:   March 5, 2013

Filed:

_____
                           Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Nathan Kent Pierce (Pierce) appeals from an order of the Fourth Judicial District Court, Missoula County, denying his motion to suppress evidence flowing from an encounter with a law enforcement officer. On February 3, 2011, Pierce ran out of gas while traveling westbound on Interstate 90 about two miles east of the Rock Creek exit. Missoula County Sheriff's Deputy Gordon Schmill observed Pierce standing next to his car with the hazard lights flashing as Deputy Schmill proceeded eastbound on Interstate 90. Deputy Schmill turned around and pulled up behind Pierce to determine if Pierce needed assistance. Pierce told Deputy Schmill that he had run out of gas and was trying to contact his girlfriend but his cell phone did not have service. The parties' versions of the facts diverge from this point forward.

¶3    At the suppression hearing on July 11, 2011, Deputy Schmill testified that Pierce told him he was going to get some gas by walking to a store located near the Rock Creek exit. Deputy Schmill stated that he offered Pierce a ride and Pierce accepted. Deputy Schmill asked Pierce for some form of identification so that he would know the identity of the person he was transporting. According to Deputy Schmill, Pierce produced his driver's license and volunteered that there was a warrant out for his arrest. Deputy

2

Schmill testified that he verified the existence of the arrest warrant, then arrested Pierce. Officers performed an inventory search at the Missoula County Detention Center and uncovered a bag of mushrooms in Pierce's jacket. Officers subsequently discovered hashish in the vehicle Pierce was driving. Pierce was charged with two felony drug offenses.

¶4 Pierce testified at the suppression hearing that he told Deputy Schmill that he did not need any help and was planning on walking about twenty feet down the road to try to get cell phone reception because his girlfriend had a roadside assistance program. Pierce claimed that Deputy Schmill immediately asked to see his identification. According to Pierce, he asked Deputy Schmill why he needed to see his identification, and Deputy Schmill explained that anytime he came into contact with someone, he needed to know who he was dealing with. Pierce testified that he did not recall Deputy Schmill asking him whether he needed a ride. Pierce stated that after he produced his driver's license, Deputy Schmill determined that an arrest warrant existed and arrested him. Pierce's girlfriend testified that she received a garbled phone call from Pierce, then later spoke with Pierce when he contacted her using Deputy Schmill's phone.

¶5 The District Court denied Pierce's motion to suppress, stating that it chose to believe Deputy Schmill's version of events because it was more plausible. The District Court was familiar with the stretch of road where the encounter took place, and determined that it would be unreasonable to expect that cell phone coverage would improve as a person walks from a wider valley into a narrower canyon closer to the mountains. The District Court also reasoned that it was unlikely that a person would

3

choose to walk for miles down the side of the road in the middle of winter as opposed to accepting a ride. Deputy Schmill's testimony that standard officer safety procedure dictates identifying individuals who are given rides in patrol cars was persuasive to the District Court. The District Court concluded that Deputy Schmill's contact with Pierce was justified under the community caretaker doctrine.

¶6    Pierce entered a no contest plea to a felony charge of criminal possession of dangerous drugs in violation of § 45-9-102(6), MCA, reserving his right to appeal the District Court's denial of his motion to dismiss.

¶7    Pierce raises the following issue on appeal:

¶8    Did the District Court err in denying Pierce's motion to suppress evidence seized following a stop which exceeded the scope of the community caretaker doctrine?

¶9    Pierce argues that the District Court's denial of Pierce's motion to suppress was clearly erroneous because its factual determinations were not based on substantial credible evidence and it misapprehended the evidence. Pierce maintains that the District Court misapplied the community caretaker doctrine. While Pierce does not challenge the initial contact, he contends that Deputy Schmill's authority under the community caretaker doctrine ended when he determined that Pierce was not in peril and did not require assistance, so any further contact constituted a seizure that implicated constitutional protections.

¶10    This Court applies the following test to determine if the community caretaker doctrine applies in an encounter between government officials and citizens:

4

First, as long as there are objective, specific and articulable facts from which an experienced officer would suspect that a citizen is in need of help or is in peril, then that officer has the right to stop and investigate. Second, if the citizen is in need of aid, then the officer may take appropriate action to render assistance or mitigate the peril. Third, once, however, the officer is assured that the citizen is not in peril or is no longer in need of assistance or that the peril has been mitigated, then any actions beyond that constitute a seizure implicating not only the protections provided by the Fourth Amendment, but more importantly, those greater guarantees afforded under Article II, Sections 10 and 11 of the Montana Constitution as interpreted in this Court's decisions.

*State v. Anders*, 2012 MT 62, ¶ 12, 364 Mont. 316, 274 P.3d 720 (quoting *State v. Lovegren*, 2002 MT 153, ¶ 25, 310 Mont. 358, 51 P.3d 471).

¶11 Under Pierce's version of the facts, Deputy Schmill should have terminated contact after determining that Pierce was not in peril and no longer needed assistance. However, the District Court rejected Pierce's account of the facts in favor of Deputy Schmill's testimony. We have repeatedly held that this Court will "defer to the district court in cases involving conflicting testimony because we recognize that the court had the benefit of observing the demeanor of witnesses and rendering a determination of the credibility of those witnesses." *State v. Cooper*, 2010 MT 11, ¶ 10, 355 Mont. 80, 224 P.3d 636 (quoting *State v. Deines*, 2009 MT 179, ¶ 20, 351 Mont. 1, 208 P.3d 857). Accordingly, we will not reconsider or reweigh the conflicting testimony on appeal.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted. We therefore affirm the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS